**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PP, LLC, | |
| Plaintiff, | |
| v. | No. 23-cv- 14403 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A," | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

PP, LLC ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for design patent infringement, copyright infringement, false designation of origin, common law trademark infringement, violations of the Illinois Deceptive Trade Practices Act, and civil conspiracy against the Partnerships and Unincorporated Associations Identified in Schedule "A" (together, "Defendants"). In support hereof, Plaintiff states as follows:

### I.    JURISDICTION AND VENUE

1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., the Patent Act, 35 U.S.C. § 1, et seq., the Lanham Trademark Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each Defendant directly targets business activities toward consumers in the United States, including Illinois, through their operation of or assistance in the operation of the fully interactive, commercial internet stores operating under the Defendant domain names and/or the Defendant Internet Stores identified in Schedule A. Specifically, each of the Defendants directly reaches out to do business with Illinois residents by operating or assisting in the operation of one or more commercial, interactive e-commerce stores that sell products using counterfeit versions of Plaintiff's federally registered trademarks directly to Illinois consumers. In short, each Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3. Plaintiff filed this action to combat online infringers and counterfeiters who trade upon Plaintiff's reputation and goodwill by using Plaintiff's copyrighted photographs and texts (U.S. Reg. No. ███████, ███████, ███████, ███████, ███████, ██, ██, ███████, ███████, and ███████) ("███████ Works") in connection with the sale and advertising of the infringing products; by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use unauthorized and unlicensed products that infringe Plaintiff's patented design (U.S. Reg. No. U.S. ███████) ("███████ Design"); and/or by selling and/or offering for sale unauthorized and unlicensed counterfeit and infringing products using counterfeit versions of Plaintiff's trademark ███████, (U.S. Reg. No. ███████), registered on the Supplemental Register. Copies of the registration certificates are attached as **Group Exhibit 1**. The Defendants created internet stores

(the "Defendant Internet Stores" or the "Stores") by the dozens and designed them to appear to be selling genuine copies of Plaintiff's ███████ branded products when in fact the Stores are selling counterfeit versions to unknowing customers, and/or making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use infringing products to unknowing consumers.

4.     The Defendant Internet Stores share unique identifiers, such as similar design elements of the infringing product offered for sale and, on information and belief, these similarities suggest that the Defendant Internet Stores share common manufacturing sources, thus establishing the Defendants' counterfeiting and infringing operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants have gone to great lengths to avoid liability by concealing both their identities and the full scope and interworking of their counterfeiting operation, including changing the names of their Stores multiple times, opening new Stores, helping their friends open Stores, and making subtle changes to their products. Plaintiff has been forced to file this action to combat Defendants' willful infringement of Plaintiff's registered trademark, patented design, and copyrighted works, as well as to protect unknowing consumers from purchasing infringing products over the internet. Plaintiff has been and continues to be irreparably damaged both through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief, and from loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design.

### III. THE PARTIES

#### Plaintiff PP, LLC

5.      Plaintiff is an ▮▮▮ limited liability company and is the creator and seller of high-quality ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (collectively, "▮▮▮▮▮▮ Products"). Plaintiff sells this design through its brand ▮▮▮▮▮, which allows consumers to buy ▮▮▮▮▮▮ through the company's e-commerce marketplaces. The ▮▮▮▮▮ Products have become enormously popular through Plaintiff's exacting quality standards and innovative design. Among the purchasing public, genuine ▮▮▮▮▮ Products are instantly recognizable as such. In the United States and around the world, the ▮▮▮▮▮ brand and associated products have become recognizable by consumers as high-quality ▮▮▮▮▮.

6.      Plaintiff is the owner of United States Copyright Registration, U.S. Reg. Nos. ▮▮ ▮▮▮▮, ▮▮▮▮▮, ▮▮▮▮▮, ▮▮▮▮▮, ▮▮▮▮▮, ▮▮▮▮▮, ▮▮ ▮▮▮, ▮▮▮▮, and ▮▮▮▮▮. Upon information and belief, the copyrights have an effective date that predates the Defendants' acts of copyright infringement.

7.      Plaintiff launched its ▮▮▮▮▮ branded products in ▮▮ on its own website. Plaintiff's founder and innovator created the ▮▮▮▮▮ Design after finding a need for ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Since then, Plaintiff has introduced the ▮▮▮▮▮ Design through its various e-commerce marketplaces using the ▮▮▮▮▮ Works. Plaintiff's unique products have been advertised with its brand ▮▮▮▮▮ for several years. Plaintiff continues to heavily advertise its unique products on all its e-commerce marketplaces, social media, advertisements, and product demonstration videos using the ▮▮▮▮▮ Works to educate consumers on both its products

and brand name. Its websites and social media feature original content, reviews, and testimonials for ██████████ Products.

       8.     Plaintiff is engaged in the business of distributing and retailing these high-quality ██████████ products within the Northern District of Illinois under its brand ██████████. Defendants' sales of the counterfeit product in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

       9.     Plaintiff's product, symbolized by the ██████████ Works and brand, is unique and original. ██████████ Products have been widely promoted, both in the United States and throughout the world. The whole of the consuming public recognizes ██████████ Products as originating with Plaintiff, but also recognizes that ██████████ sold in the United States originate exclusively from Plaintiff.

      10.    Plaintiff has and continues to widely promote, market, and sell its ██████████ Products to United States customers and the general public on Plaintiff's website. Plaintiff maintains quality control standards for all its products, including those marketed under ██████████ Works.

      11.    Plaintiff has expended substantial time, money, and other resources to develop, advertise, and otherwise promote ██████████ Products marketed using the ██████████ Works. As a result, customers recognize that products bearing the ██████████ Works originate exclusively from the Plaintiff.

      12.    The ██████████ Products are also known for their distinctive patented design. This design is well-recognized by consumers. ██████████ using this design are associated with the quality and innovation that the public has come to expect from ██████████ Products. The patented design is as follows:

| Patent Number: US ███ | | Issue Date: ███ |
|---|---|---|
| **CLAIM** | | |



13.     PP, LLC is the lawful assignee of all rights, title, and interest in and to ███ Design. U.S. Patent No. US ███ (the "███ Patent") was lawfully issued on ███, with named inventor ███.

14.     Additionally, the Company has registered its trademark ███ (U.S. Reg. No. ███) on the Supplemental Register of the United States Patent and Trademark Office. Prior to registration, the Company continuously used ███ as its trademark for the product beginning with its introduction in ███.

15.     Since its introduction to consumers, the ███ Trademark has acquired secondary meaning among consumers, signifying to purchasers that the ███ branded containers come from PP, LLC, and are manufactured to its exacting quality standards.

16.     The U.S. registrations for the Company's copyrights, design patent, and trademark are valid, subsisting, in full force and effect, and currently in use in connection with ███

branded products. True and correct copies of the United States Registration Certificates for the copyright and design patent are attached hereto as **Exhibit 1**.

<b>The Defendants</b>

17.     Defendants are individuals and entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the state of Illinois and in this Judicial District, through the operation of fully interactive commercial websites and online commercial marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products to consumers within the United States, including Illinois and in this Judicial District.

18.     Defendants are an interrelated group of infringers and counterfeiters who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine ███ ████ branded products, while they actually sell inferior imitations of Plaintiff's ██████ branded products, and/or to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products. The Defendant Internet Stores share unique identifiers, such as common design elements, the same or similar counterfeit products that they offer for sale, similar counterfeit product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, check-out methods, lack of contact information, and identically or similarly priced counterfeit products and volume sale discounts. As such, Defendant Internet Stores establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction or occurrence. The tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for

Plaintiff to learn the precise scope and the exact interworking of their counterfeit network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV. THE DEFENDANTS' UNLAWFUL CONDUCT

19.     The success of Plaintiff's brand has resulted in significant infringement and counterfeiting. Consequently, Plaintiff has identified numerous marketplace listings on eCommerce platforms such as, but not limited to, ███████████████████████████, ███████████████████████████████████, which include the Defendant Aliases and which have been offering for sale, completing sales, and exporting illegal products to consumers in this Judicial District and throughout the United States. Defendants have persisted in creating the Defendant Aliases. E-commerce sales, including e-commerce internet stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. *See* **Exhibit 2**, U.S. Customs and Border Protection, *Intellectual Property Rights Seizure Statistics, Fiscal Year 2021.* According to Customs and Border Patrol's ("CBP") report, over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id.* Approximately 60% of CBP seizures originated from mainland China and Hong Kong. *Id.* Counterfeit and pirated products account for billions of dollars in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue. *Id.*

20.     Counterfeiting rings take advantage of the anonymity provided by the internet, which allows them to evade enforcement efforts to combat counterfeiting. For example, counterfeiters take advantage of the fact that marketplace platforms do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use

false or inaccurate names and addresses when registering with these Internet platforms." *See* **Exhibit 3**, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 41 Nw. J. Int'l. L. & Bus. 24 (2020). Additionally, "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id.* at 25. Therefore, with the absence of regulation, Defendants may and do garner sales from Illinois residents by setting up and operating e-commerce internet stores that target United States consumers using one or more aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold counterfeit products to residents of Illinois.

21.     Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of ▇▇▇▇▇ Works and Design, including its exclusive right to use and license such intellectual property and their associated goodwill. Defendants' Internet Stores also use the same pictures to advertise their infringing product that Plaintiff uses on its webpage and other online marketplaces to sell and advertise its genuine and original ▇▇▇▇▇ Products, sowing further confusion among potential purchasers.

22.     Defendants go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Other Defendant domain names often use privacy services that conceal the owners' identities and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A of this Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of the many common tactics used by the Defendants to conceal

their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

23.     The infringing products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the infringing products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

24.     Upon information and belief, Defendants also deceive unknowing customers by using ████████ within the content, text, and/or metatags of their websites and marketplace storefronts to attract various search engines on the internet looking for websites relevant to consumer searches for Plaintiff's ████████ branded products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results after others are shut down. As such, Plaintiff also seeks to disable Defendants' domain names owned by Defendants that are the means by which the Defendants could continue to sell counterfeit products.

25.     Defendants' use of ████████ Works on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the infringing products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

26.     Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use ████████ Works in connection with the advertisement, offer for sale, and sale of the counterfeit products, through, inter alia, the Internet. The infringing products are not ████████ branded products of the Plaintiff. Plaintiff did not manufacture,

inspect, or package the infringing products and did not approve the counterfeit products for sale or distribution. Each of the Defendants' Internet Stores offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold counterfeit products into the United States, including Illinois.

27.     Defendants' use of ████████ Works in connection with the advertising, distribution, offer for sale, and sale of infringing products, including the sale of infringing products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

28.     Upon information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that directly and/or indirectly infringe the ████████ Design. Each e-commerce store operating under the Seller Aliases offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold infringing products in the United States and Illinois over the Internet.

29.     Defendants' infringement of ████████ Design in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the infringing products was willful.

30.     Defendants' infringement of ████████ Design in connection with making, using, offering for sale, selling, and/or importing into the United States for the subsequent sale or use of the infringing products, including the making, using, offering or sale, selling, and/or

importing into the United States for the subsequent sale or use of infringing products into Illinois, is irreparably harming Plaintiff.

31.     Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling infringing products that infringe upon ██████ copyrights, design patent, and trademark unless preliminarily and permanently enjoined.

## COUNT I

### DESIGN PATENT INFRINGEMENT (35 U.S.C. § 271)

32.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 31.

33.     Plaintiff is the lawful assignee of all rights, title, and interest in and to the ██████ ██████ Design (U.S. Reg. No. US D974,123). *See,* **Exhibit 1**.

34.     Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the Plaintiff's design patent.

35.     Defendants have been and are infringing Plaintiff's design patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the accused products in violation of 35 U.S.C. § 271(a).

36.     Defendants have infringed Plaintiff's design patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

37.     Defendants have infringed Plaintiff's design patent because in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the ornamental designs of Plaintiff's design patent and the overall design features of Defendants' products are substantially the same, if not identical, with resemblance such as to deceive an ordinary observer, inducing such observer to purchase an Infringing Product supposing it to be Plaintiff's product protected by Plaintiff's design patent.

38.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT II

## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

39.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 38.

40.     Plaintiff's works have significant value and have been produced and created at considerable expense. Plaintiff is the owner of each original work, and all works at issue have been registered with the U.S. Copyright Office. *See*, **Exhibit 1**.

41.     Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the copyrighted Plaintiff's works, including derivative works.

42.     Upon information and belief, Defendants had access to the works through Plaintiff's normal business activities. After accessing Plaintiff's works, Defendants wrongfully created copies of the copyrighted Plaintiff's works without Plaintiff's consent and engaged in acts of widespread infringement through publishing and distributing the Plaintiff's works via online

websites and digital markets in connection with the marketing of their counterfeit products. Indeed, every video and photograph used by Defendants is virtually identical to the original Plaintiff's works.

43.     Plaintiff is informed and believes and thereon alleges that Defendants further infringed Plaintiff's copyrights by making or causing to be made derivative works from Plaintiff's works by producing and distributing reproductions without Plaintiff's permission.

44.     Defendants, without the permission or consent of Plaintiff, have published online infringing derivative works of Plaintiff's works. Defendants have violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. § 101, et seq.).

45.     Further, as a direct result of the acts of copyright infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the copyrighted Plaintiff's works. Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of Plaintiff's works.

46.     The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

47.     As a result of Defendants' infringement of Plaintiff's exclusive rights under its copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504.

48.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing

Plaintiff's copyrights and ordering that Defendants destroy all unauthorized copies. Defendants' copies, digital files, and other embodiments of Plaintiff's Works from which copies can be reproduced should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C. § 503.

## COUNT III

## <u>COMMON LAW TRADEMARK INFRINGEMENT</u>

49.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 48.

50.     This cause of action for trademark infringement arises under Illinois common law.

51.     Plaintiff's ████████ trademark has acquired secondary meaning among relevant consumers in Illinois.

52.     The ████████ trademark has been, and continues to be, known in Illinois and throughout the United States as identifying and distinguishing Plaintiff's goods from other ███ ████████ on the market.

53.     Upon information and belief, many Defendants are using the ████████ trademark to sell their own counterfeit versions of the Plaintiff's product. Defendants' use of the ████████ trademark is likely to cause consumer confusion, mistake, or deception as to the affiliation, connection, or association of Defendants and Plaintiff, or vice versa, and/or as to the origin, sponsorship, or approval of Defendants' goods and services by Plaintiff, or vice versa.

54.     Defendants' widespread use of the ████████ trademark for their goods in this state and throughout the United States has caused, and will continue to cause, confusion, reverse confusion, mistake, and deception among consumers as to the origin of the goods.

55.     By using a mark identical or confusingly similar to that of the Plaintiff by selling, offering for sale, distributing, and/or advertising goods to consumers for profit and without Plaintiff's authorization, Defendants are depriving Plaintiff of its exclusive right to control and benefit from its mark.

56.     By the foregoing acts and otherwise, Defendants will continue to infringe Plaintiff's rights in its ▮▮▮▮▮▮ mark unless restrained by this Court.

57.     Plaintiff has been, and continues to be, damaged by Defendants' activities and conduct. Defendants have profited thereby and, unless their conduct is enjoined, Plaintiff's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by monetary damages. Accordingly, Plaintiff seeks injunctive relief and monetary damages to compensate it for the harm.

## COUNT IV

## <u>FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)</u>

58.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 57.

59.     Defendants' promoting, marketing, offering for sale, and selling of infringing and counterfeit products, most commonly through the use of Plaintiff's ▮▮▮▮▮ Works, has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' counterfeit version of Plaintiff's unique ▮▮▮▮▮ Products.

60.     Defendants' unauthorized use in commerce of spurious designations that are identical to or substantially indistinguishable from Plaintiff's ▮▮▮▮▮ trademark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of

Defendants' products, and is likely to cause consumers to believe, contrary to fact, that Defendants' products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

61.     By using Plaintiff's copyrighted works in connection with the sale of counterfeit products, Defendants create a false designation of origin and misleading representation of the fact as to the origin and sponsorship of the counterfeit product. By their use of Plaintiff's original photographs and text in association with the offer and sale of the counterfeit product, Defendants seek to further confuse the public as to the source or sponsorship of their goods by Plaintiff.

62.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit product to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

63.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT V

### VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510/1, *et seq.*)

64.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 63.

65.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit product as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Plaintiff's genuine and authentic ████████ Products, representing that their products have Plaintiff's approval when

they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

66.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, *et seq*.

67.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by this Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## COUNT V

## CIVIL CONSPIRACY

68.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 67.

69.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly and voluntarily entered into a scheme and agreement to engage in a combination of unlawful acts and misconduct including, without limitation, a concerted and collaborated effort to maintain the distribution, marketing, advertising, shipping, offer for sale, or sale of counterfeit products in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

70.     The intent, purpose, and objective of the conspiracy and the underlying combination of unlawful acts and misconduct committed by the Defendants was to undermine Plaintiff and its business by unfairly competing against it as described above.

71.     The Defendants each understood and accepted the foregoing scheme and agreed to do their respective part, to further accomplish the foregoing intent, purpose, and objective. Thus, by entering the conspiracy, each Defendant has deliberately, willfully, and maliciously permitted, encouraged, and/or induced all the foregoing unlawful acts and misconduct.

72.     As a direct and proximate cause of the unlawful acts and misconduct undertaken by each Defendant in furtherance of the conspiracy, Plaintiff has sustained, and unless each Defendant is restrained and enjoined, will continue to sustain severe, immediate, and irreparable harm, damage, and injury for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

i.     using ███████ Works or any reproductions, copies, or colorable imitations thereof in any manner with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized ███████ Products or is not authorized by Plaintiff to be sold in connection with ███████ Works;

ii.     passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using the ███████ Works;

iii.     further infringing ███████ Works and damaging Plaintiff's goodwill;

iv.     shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use ███████ Works, and which are derived from Plaintiff's copyrights in the ███████ Works; and

v.     using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in ██████ Works;

B.     Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as: ████ ████████████████████████████████████████████████ ████████████; payment processors such as ████████████; social media platforms such as: Facebook, YouTube, LinkedIn, Twitter; Internet search engines such as: Google, Bing, and Yahoo; web hosts for the Defendants Domain Names, and domain name registrars, that are provided with notice of the injunction, cease facilitating access to any or all web stores through which Defendants engage in the sale of infringing products using the Plaintiff's copyrights; shall:

i.     disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which reproduce ██████ Works or are derived from ████████ Works, including any accounts associated with the Defendants listed on Schedule A;

ii.     disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from ██████ Works; and

iii.     take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

C.     For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

D.     For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

E.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   i.     making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that includes any reproduction, copy, or colorable imitation of the design claimed in █████████ Design;

   ii.     aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the █████████ Design; and

   iii.     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

F.     Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as ██████████ ████████████████████████████████████████████ ████████████████████████████ ; payment processors such as █████████████ ;

social media platforms such as: Facebook, YouTube, LinkedIn, Twitter; Internet search engines such as: Google, Bing, and Yahoo; web hosts for the Defendants Domain Names, and domain name registrars shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the ornamental design claimed in ███████████ Design or the ██████████ trademark;

G.      That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of Plaintiff's design, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

H.      That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of ██████████ Design be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

I.      In the alternative, that Plaintiff be awarded complete accounting of all revenue and profits realized by Defendants from Defendants' infringement of the ██████████ Design, pursuant to 35 U.S.C. § 289;

J.      That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   i.      making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that includes any reproduction, copy, or colorable imitation of the ██████████ trademark;

   ii.      aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the ██████████ Trademark; and

   iii. effecting assignments of transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

  K. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

  L. That Plaintiff be awarded any and all other relief that this Court deems equitable and just.

Plaintiff demands trial by jury as to all causes of action so triable.

Dated: October 2, 2023    Respectfully submitted,

/s/ James E. Judge
Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Flener IP Law, LLC
77 W. Washington St., Ste. 800
Chicago, IL 60602
(312) 724-8874
jjudge@fleneriplaw.com