IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUIS POULSEN A/S,<br><br>               Plaintiff,<br><br>    v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>               Defendants. | No. 23-cv-02807<br><br>Judge John F. Kness<br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR ENTRY OF A PRELIMINARY INJUNCTION, CONTINUED ASSET
RESTRAINT, AND EXPEDITED DISCOVERY**

Plaintiff Louis Poulsen A/S ("Plaintiff") submits this Memorandum of Law in Support of Plaintiff's Motion for Entry of a Preliminary Injunction, Continued Asset Restraint, and Expedited Discovery against Defendants listed in **Exhibit 1**.

**I.    INTRODUCTION**

Plaintiff brings the present action against all the Defendants identified in Schedule A to the Complaint (collectively, the "Defendants") for trademark infringement and counterfeiting (Count I), false designation of origin and infringement of trade dress (Count II), violation of the Illinois Uniform Deceptive Practices Act (Count III), design patent infringement (Count IV), common law trademark infringement (Count V), and civil conspiracy (Count VI). As alleged in Plaintiff's Complaint, Defendants are reproducing, offering for sale, and/or selling products which infringe Plaintiff's federally registered trademarks, trade dress, and design patents. Defendants are also promoting, marketing, distributing, offering for sale, and/or selling unauthorized versions of LOUIS POULSEN branded products. Defendants are selling counterfeit products infringing

1

Plaintiff's intellectual property (the "Counterfeit LOUIS POULSEN Products") through various fully interactive, commercial internet stores operating under at least the Seller Aliases identified in Schedule A of the Complaint (collectively, "Defendant Internet Stores").

## II. STATEMENT OF FACTS

On September 11, 2023, this Court granted Plaintiff's Motion for a Temporary Restraining Order ("the TRO"). *See* ECF Nos. 16-17. The TRO was extended on September 21, 2023, to October 9, 2023. *See* ECF No. 24. The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and by sending an email to the email addresses provided for Defendants by third parties that includes a link to said website. ECF No. 17 at ¶ 8. Since and pursuant to entry of the TRO, the accounts of Defendants listed on Exhibit 1, all of which are located on the Amazon, DHgate, eBay, Joybuy, Shopify, Walmart, and Wish platforms and/or who utilize PayPal and Stripe as their processors, have been frozen. *See* Declaration of James E. Judge (hereinafter "Judge Decl.") at ¶ 2.

Plaintiff respectfully requests that the Court enter a preliminary injunction against Defendants on the same terms as the TRO, so that Defendants are enjoined from the manufacture, importation, distribution, offering for sale, and sale of counterfeit LOUIS POULSEN Products during the pendency of this litigation. The conditions in place when the TRO was entered continue to apply. As part of the Preliminary Injunction, Plaintiff requests that Defendants' accounts remain frozen until completion of these proceedings.

2

### III. ARGUMENT

#### A. A Preliminary Injunction Extending Relief Already Included in the TRO is Appropriate

Plaintiff respectfully requests this Court to enter a preliminary injunction to prevent further unlawful conduct by Defendants. Courts in this District, in addressing similar allegations of Internet-based counterfeiting, have previously issued preliminary injunctions following a temporary restraining order. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.,* No. 15-cv- 3249 (N.D. Ill. May 6, 2015) (unpublished); *Michael Kors, L.L.C. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 13-cv-8612 (N.D. Ill. Dec. 5, 2013) (unpublished); *Calvin Klein Trademark Trust, et al. v. The Partnerships, et al.*, No. 13-cv-8186 (N.D. Ill. Nov. 19, 2013) (unpublished).

##### 1. This Court Has Already Found That the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01- cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiffs' favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's prior entry of the TRO, it has already found that the above requirements have been satisfied.

2. The Equitable Relief Sought Remains Appropriate

The Lanham Act and Patent Act authorize courts to issue injunctive relief in accordance with "the principles of equity" and "upon such terms as the court may deem reasonable" to "prevent the violation of any right of the registrant of a mark." 15 U.S.C. § 1116(a); 35 U.S.C. § 283.

Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' accounts remain frozen. Since entry of the TRO, Amazon, DHgate, eBay, Joybuy, Shopify, Walmart, Wish, PayPal, and Stripe have provided Plaintiff with information, including the identification of financial accounts linked to the Seller Aliases which were offering for sale and/or selling Counterfeit LOUIS POULSEN Products. In the absence of a preliminary injunction, Defendants may attempt to transfer financial assets to offshore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.[1] However, Plaintiff has been unable to serve the Defendants operating through Alibaba and AliExpress because the platforms have not yet provided the Defendant data needed to serve them. As such, these Defendants have been excluded from **Exhibit 1** attached hereto.[2] As soon as Plaintiff has successfully served these Defendants, it will move for a second Preliminary Injunction.

The amount of damages to which Plaintiff is entitled as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen financial accounts. For example, Plaintiff's prayer for relief requests statutory damages of $2,000,000 from each Defendant. ECF Nos. 13, ¶ G-H. In addition, as established in Plaintiff's TRO Brief (ECF No. 6-1), many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent

---

[1] Plaintiff has been unable to serve three defendants operating on their own websites because no email address could be found for them. Accordingly, these three defendants have been excluded from Exhibit 1.
[2] Plaintiff has obtained the email addresses for three defendants operating on Alibaba through PayPal and has served those defendants. Accordingly, these three defendants have been included in Exhibit 1.

4

transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv- 04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

### B. There Is Good Cause to Extend the TRO Until There Is a Ruling on This Motion

In the event that the Court does not rule on this Motion before the current TRO expiration date (October 9, 2023), Plaintiff also seeks to extend the TRO to maintain the status quo until there is a ruling on Plaintiff's Motion for Entry of a Preliminary Injunction. Rule 65 dictates that, under ordinary circumstances, a temporary restraining order cannot exceed 14 days, although the court may extend it "for a like period" for good cause. Fed. R. Civ. P. 65(b)(2). However, in *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, the Seventh Circuit affirmed that allowing a TRO to remain in effect until a decision on a motion for preliminary injunction was proper. 694 F.3d 827, 843-45 (7th Cir. 2012). In affirming the TRO extension, the Seventh Circuit explicitly recognized that there will be cases where the maximum 28-day limit does not give the parties sufficient time to prepare for a preliminary injunction hearing. *Id*. If the extension exceeds the maximum duration for a TRO under Rule 65(b), the extension "becomes in effect a preliminary injunction that is appealable, but the order remains effective." *Id*. at 844. *See also Christian Dior Couture, S.A. v. The P'ships*, No. 21-cv-04861 (N.D. Ill. Nov. 19, 2021) (Dkt. No. 32) (further extending TRO to and including the date on which the Court would adjudicate the motion for preliminary injunction, exceeding the maximum duration for a TRO under Rule 65(b)); *Luxottica Group S.p.A. v. rbzxr.com*, No. 20-cv-02297 (N.D. Ill. May 12, 2020) (Dkt. No. 52) (same).

Plaintiff respectfully submits that there is good cause to extend the TRO until the Court rules on this Motion since there is a high probability that the Defendants will continue to harm Plaintiff without the TRO in place, especially since Defendants have notice of this case.

5

Specifically, Defendants will likely attempt to move any assets from their financial accounts to offshore bank accounts without the TRO in place while this Motion is pending.

IV. **CONCLUSION**

In light of the foregoing, Plaintiff respectfully requests that this Court enter a preliminary injunction against Defendants listed in **Exhibit 1**, and that the TRO be extended until there is a ruling on this Motion.

Dated: October 3, 2023

Respectfully submitted,

/s/James E. Judge

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Flener IP Law, LLC
77 W. Washington St., Suite 800
Chicago IL 60602
(312) 724-8874
jjudge@fleneriplaw.com