IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| PIZZA PACK, LLC, | |
| Plaintiff, | |
| v. | Case No. 23-cv-14403 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", | Judge Mary M. Rowland<br>Magistrate Judge Maria Valdez |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT VECH'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(4) AND 12(b)(5)**

Plaintiff Pizza Pack, LLC ("Pizza Pack" or "Plaintiff") submits the following response in opposition to Defendant VECH E-BUSINESS Co., LTD.'s ("VECH" or "Defendant") Motion to Dismiss under Fed. R. Civ. P. 12(b)(4) and 12(b)(5) (ECF No. 37) (the "Motion").

**INTRODUCTION**

Plaintiff is a nationally recognized creator and seller of high-quality pizza containers that feature a collapsible and expandable design that adjust to accommodate up to five pizza slices. Amended Complaint (ECF No. 6, 8) at ¶ 5. Plaintiff's products are known for their distinctive patented pizza container design, U.S. Patent No. D974,123 ("Pizza Pack Design"). *Id.* ¶ 12.

Defendant operates an interactive e-commerce store named "VECH" on the Amazon platform ("Defendant's E-commerce Store"). Defendant's E-commerce Store offered for sale, sold, and shipped unauthorized and unlicensed products that infringe the Pizza Pack Design ("Infringing Product") to the United States, including to the State of Illinois. On information and belief, Defendant's provided physical address on the e-commerce store is different than the

1

purported addresses[1] provided by Defendant in its Memorandum of Law in Support of its Motion to Dismiss. *See* ECF No. 37 at p. 1, 13; Declaration of Ying Chen ("Chen Decl.") at ¶ 2.

On October 2, 2023, Plaintiff filed this lawsuit against the defendants identified on Schedule "A" to the Complaint. ECF Nos. 1, 5. On October 3, 2023, Plaintiff filed an Amended Complaint to add more defendants, including Defendant VECH, to Schedule A. ECF No. 6, 8. On November 03, 2023, this Court entered a Temporary Restraining Order ("TRO") that, among other things, granted Plaintiff's Motion for Electronic Service of Process under Fed. R. Civ. P. 4(f)(3) ("Rule 4(f)(3)"). ECF No. 19, ¶ 8 (the "Service Order"). Plaintiff served Defendant at the e-mail address used to register its Amazon account, xdeal01@163.com, on November 16, 2023. Declaration of James E. Judge ("Judge Decl."), ¶ 4. Defendant has confirmed it received notice of this case from Plaintiff by e-mail and can access copies of the full-text documents related to this Case via the link provided by Plaintiff in the abovementioned email. *See* ECF No. 37 at p. 1.

Defendant seeks to evade consequences for its offer for sale and sale of infringing pizza containers to Illinois through its Amazon e-commence store by arguing that Plaintiff did not comply with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 ("Hague Convention"). However, Defendant was properly served via e-mail. Electronic service of process does not violate any international treaty and is consistent with due process because it effectively communicates the pendency of this action to defendants. Defendant's Motion should be denied.

---

[1] Defendant claims it primarily operates in China with a registered address at Unit 1094, 755 Yuanbei Road, Haishu District, Ningbo City, Zhejiang Province, China.

**ARGUMENT**

I. **DISMISSAL BASED ON INSUFFICIENT PROCESS IS NOT WARRANTED**

Rule 12(b)(4) is concerned with the form of the summons as dictated by Rule 4(a) and 4(b). Fed. R. Civ. P. 12(b)(4). "Deficiencies cognizable under Rule 12(b)(4) include errors in naming the proper defendant, failing to specify the number of days allotted for defendant to answer, and failure to obtain a court seal or signature." *Bilal v. Rotec Indus., Inc.*, 2004 WL 1794918, at *4 (N.D. Ill. Aug. 5, 2004) (citing *O'Brien v. R.J. O'Brien & Associates, Inc*., 998 F.2d 1394, 1400 (7th Cir. 1993)). "A motion challenging sufficiency of process under this rule must point out specific instances where the plaintiff has failed to comply with the requirements of Rule 4." *Id*.

In the Motion, Defendant does not point out any facial problems with the summons filed with the Court and does not provide sufficient indication that it was served with a summons whose content differed from the filed copy. *Id*. As such, Rule 12(b)(4) Motion should be dismissed.

II. **DEFENDANT WAS PROPERLY SERVED UNDER FED. R. CIV. P. 4(f)(3)**

The Plaintiff is responsible for ensuring that each defendant receives a summons and a copy of the complaint against it. Defendant VECH has moved to dismiss under F.R.C.P. 12(b)(5), alleging that it has not been properly served with the complaint and summons. As such, Plaintiff "bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chi*., 646 F. 3d 1001 at 1004-1005 (7th Cir. 2011) In making its determination, this court may consider affidavits and other documentary evidence. *Dumas v. Decker*, 2012 WL 1755674, at *2 (N.D. Ill. May 16, 2012). Service by alternative means is proper here because (1) it was previously ordered by the Court on November 3, 2023, in the Temporary Restraining Order, (2) it is not prohibited by international agreement, and (3) it was reasonably

calculated, under the circumstances, to apprise the parties of the action. *See Volkswagen Grp. Am., Inc. v. Brandcar Store, et al.*, No. 20-cv-03131 (N.D. Ill. Sept. 14, 2020).

### A. Defendant Was Properly Served by E-mail Pursuant to A TRO

Federal Rule of Civil Procedure 4(h)(2) allows service of process on a corporation outside the United States as prescribed by Rule 4(f). Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement. *Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (*citing Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).

Plaintiff served process upon Defendants by email and electronically publishing a link to the Complaint, the Temporary Restraining Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the email address provided for Defendants by third parties pursuant to Fed. R. Civ. P. 4(f)(3). These steps were taken in compliance with the TRO, that approved service by alternative means. (ECF No. 19). Service was made on November 16, 2023, Judge Decl., ¶ 4, and Defendant confirmed it has received the Complaint and Summons in its Motion. *See* ECF No. 37 at p.1.

Defendant does not dispute that they received the Complaint, Summons, and TRO by e-mail. Thus, service was proper pursuant to the TRO.

### B. Attempting Service Pursuant to the Hague Convention Is Not A Prerequisite

Defendant contends that service by email was improper because Plaintiff did not adhere to the requirements of the Hague Service Convention outlined in Rule 4(f)(1). However, "the plain language of the rule does not require a plaintiff to attempt service under Rule 4(f)(1) before seeking authorization to use an alternative means of service under Rule 4(f)(3)." *Commodity Futures Trading Comm'n v. Caniff*, 2020 WL 956302, at *5 (N.D. Ill. Feb. 27, 2020) (citing *Monco v.*

4

*Zoltek Corp.*, 2018 WL 3190817, at *4 (N.D. Ill. Apr. 24, 2018) (explaining that a plaintiff "is not required to first attempt service through the Hague Convention under Rule 4(f)(1) before asking this Court to allow alternate means")); *see also AngioDynamics, Inc. v. Biolitec, AG*, 780 F.3d 420, 429 (1st Cir. 2015) ("By its plain terms, Rule 4(f)(3) does not require exhaustion of all possible methods of service before a court may authorize service by 'other means,' such as service through counsel and by email."); *Enovative Techs., LLC v. Leor*, 622 Fed. Appx. 212, 214 (4th Cir. 2015) ("Rule 4(f)(3) does not denote any hierarchy or preference for one method of service over another."); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)"); *Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A*., 168 F. Supp. 3d 1, 16 (Dist. D.C. 2016) (holding that a "plaintiff is not required to first demonstrate a minimum threshold effort to serve Defendants via . . . the Hague Convention" before proceeding under Rule 4(f)(3)); *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016).

"(N)o language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means." *Rio Props., Inc.,* 284 F.3d at 1015; *Flava Works, Inc. v. Does 1-26*, 2013 WL 1751468, *7 (N.D. Ill. Apr. 19, 2013) ("in the absence of a directive from the [Seventh Circuit], the court finds that Rule 4(f) does not indicate a preference for any method of service"); *Volkswagen Grp. Am., Inc. v. 5starautoparts2015*, et al., No. 19-cv- 7978 (N.D. Ill. Mar. 31, 2020) (citing *Nagravision SA v. Gotech Int'l. Tech. Ltd*., 882 F. 3d 494, 498 (5th Cir. 2018) (defendant's argument "misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)")). In other words, alternate service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means

5

among several by which an international defendant may be served. *Rio Props., Inc.*, 284 F.3d at 1014.

The Supreme Court has not provided guidance as to how the requirements of the Hague Convention interact with a Court's authority to order alternate service under Rule 4(f)(3). *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2015 U.S. Dist. LEXIS 192642, at *7 (E.D. La. 2015). Defendant relies on dicta in *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017) and *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988) to argue that service through the Hague Convention is mandatory. *See* ECF No. 37 at p. 4. However, neither *Schlunk*[2] nor *Water Splash* holds or even suggests that the Hague Convention must be complied with before alternate service pursuant to Fed. R. Civ. P. 4(f)(3) is ordered. *See Strabala v. Zhang*, 318 F.R.D. at 115 n.36 ("Volkswagenwerk 'does not hold or even suggest that the Hague Convention must always be complied with before alternative service is ordered,' and that the quoted language from that case is 'dictum.'").

### C. E-mail Service Pursuant to Rule 4(f)(3) Was Proper Even if Defendant's Physical Address Was Purportedly Available[3]

Under Rule 4(f)(3), courts can order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email," provided there is no international agreement directly to the contrary. *Rio Props., Inc.*, 284 F.3d at 1016. "[T]he task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is committed "to the sound discretion of the district court." *Id*.

---

[2] Plaintiff also notes that Schlunk was decided in 1988, before the inclusion of subsection Fed. R. Civ. P. 4(f)(3) in 1993.
[3] There was a discrepancy in the Defendant's address. *See*, *infra*, Section E.

Defendant argues that Article I of the Hague Convention applies here so Plaintiff should first make reasonably diligent efforts to learn the defendant's mailing address and show that the defendant's address was unknown. *See* ECF No. 37 at p. 3.

However, as established above, Rule 4(f)(3) simply states that service can be effectuated "by any means not prohibited by international agreement." Rule 4(f)(3) does not mention any requirement regarding attempts to identify, verify, or serve a defendant at a purported physical address prior to requesting alternate service. *Romag Fasteners, Inc. v. Fossil Grp., Inc.*, 140 S. Ct. 1492, 1495 (2020) ("Nor does this Court usually read into statutes words that aren't there"). Rather, "Rule 4(f)(3) provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *Strabala*, 318 F.R.D. at 100.

Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods" because of the injunctive relief sought by Plaintiff. *Strabala*, 318 F.R.D. at 114 (citing 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.)). As such, e-mail service was proper, even if a physical address for Defendant is purportedly available.

> **D.    The Hague Convention Does Not Prohibit Electronic Service, and China Has Not Objected to Service of Process by E-mail**

Service by e-mail is not prohibited by the Hague Convention, including for China-based defendants. *Strabala*, 318 F.R.D. at 115 (citing *Maclean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, 2008 U.S. Dist. LEXIS 97241, at *5 (N.D. Ill. Dec. 1, 2008) ("[t]he Hague Convention does not prohibit service by e-mail or facsimile")); *see also Keck v. Alibaba.com, Inc.*, 2018 U.S. Dist. LEXIS 128396, 2018 WL 3632160, at *3 (N.D. Cal. July 31, 2018) ("[T]here is no international agreement precluding service on China-based defendants by electronics means.").

While China has objected to service by postal channels under Article 10 of the Hague Convention, courts have routinely recognized that such objections do not extend to service by e-mail. *See Oakley*, 2021 WL 2894166, at *6 (the Court declines to interpret the term "postal channels" to include electronic mail.); *see, e.g., Volkswagen Grp. Am.,, Inc. v. Brandcar Store, et al.*, No. 20-cv-03131 (N.D. Ill. Sept. 14, 2020) ("nor does this Court find email service of the China-based Moving Defendants to be improper."); *Sulzer Mixpac AG.*, 312 F.R.D. at 331-32 (collecting cases holding that service by e-mail does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10); *see also Victaulic Co. v. Allied Rubber & Gasket Co.*, 2020 U.S. Dist. LEXIS 82150, at *7 (S.D. Cal. May 8, 2020) ("Although Article 10(a) references 'postal channels,' it does not mention service by email, online messaging system, or other electronic means. Thus, China's objection to service by 'postal channels' does not prohibit service by 'electronic means.'").

Although Defendant refers to the People's Republic of China's Civil Procedure Law several times to support its arguments, China's internal procedures for effectuating service are irrelevant to the question of whether alternate service under Rule 4(f)(3) was proper. *Nanya Tech. Corp. v. Fujitsu, Ltd.*, 2007 U.S. Dist. LEXIS 5754, at *14 (N.D. Ill. Jan. 25, 2007).

### E. E-mail Is A More Reliable Method of Service

Email is a more reliable method of service in this case because Defendants' email addresses were verified by the sales platform, while their physical addresses were not. *See Oakley*, 2021 WL 2894166, at *5. Defendant must provide e-mail addresses and physical addresses to third-party online marketplace platforms, such as Amazon, when registering. Judge Decl., ¶ 6. While e-mail addresses are typically verified, no verification usually occurs for physical addresses. *Id*. This allows counterfeiters to routinely use false or inaccurate names and addresses when registering

8

with these Internet platforms. *Id*. Since an e-commerce store operator can input *any* physical address, such addresses are usually false and/or are not where the e-commerce store operator is located, and therefore, are not a reliable means for identifying and locating Defendant. *Id*.

For example, the Plaintiff in *Naughtys LLC v. Does 1-580*, No. 21-cv-00492 (N.D. Tex. Apr. 2, 2021) hired various investigators to investigate the addresses previously provided by the third-party platforms in order to complete Hague Service. *See* Exhibit 1 to the Judge Decl. However, in its Service Status Report, the investigative results show that at least 89% of the physical addresses provided were fraudulent. *Id*. Only 1 address was verified as correct, 6 were assessed as inconclusive, and the rest proved to be invalid. *Id*. The investigation showed in its Supplemental Status Report that only .005% of the 178 Defendants investigated were located and verified by investigators on the ground to be located at the address they reported. The Court finally granted Plaintiff's Renewed Motion for Alternative Service of Process and ordered Plaintiff in that matter to provide notice of the proceedings to Defendants by email. *Id*.

In addition, the mailing address Defendant provided to Amazon is different than the purported addresses provided by Defendant for the first time in support of its Motion. *See* ECF No. 37 at pp.1, 13; Chen Decl. at 2. This also supports Plaintiff's conclusion that e-commerce store infringers commonly use false/fake physical addresses and that it is not a reliable means for identifying and locating Defendants. Judge Decl. at ¶ 2.

Therefore, serving foreign e-commerce merchants by email is a more reliable method of service. *See Ouyeinc Ltd. v. Alucy*, 2021 WL 2633317, at *3 (N.D. Ill. June 25, 2021) ("courts have routinely upheld service by email" in infringement actions where online stores' "business appeared to be conducted entirely through electronic communications") (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("When faced with an international e-

9

business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process")).

F. **Service via E-mail Comports with Constitutional Notions of Due Process**

Service via e-mail comports with constitutional notions of due process, because it was reasonably calculated, under all of the circumstances, to apprise Defendant of the pendency of this action and afford Defendant an opportunity to present objections. *See Maclean-Fogg Co.*, 2008 U.S. Dist. LEXIS 97241, at *5; *Sulzer Mixpac AG*, 312 F.R.D. at 332 ("...the Court finds that in this case, service to the email address listed on defendant's website is 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"). Defendant has actual notice of this Case and does not show why service by e-mail unfairly prejudices Defendant or violates due process. Defendant's Motion, if granted, may make this Case sit stagnant for months. In contrast, electronic publication and e-mail have proved to be reliable mechanisms for quickly providing notice to e-commerce store operators in similar cases. Judge Decl., ¶ 2.

G. **Alternatively, Plaintiff Should Be Allowed to Serve Defendant via Its U.S. Counsel**

If the Court determines that service was insufficient, Plaintiff requests that the court permit service on Defendants' counsel. *See Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565-66 (C.D. Cal. 2012) (authorizing service per Rule 4(f)(3) on China-based defendant's American counsel). In finding that service on the defendant's attorney was appropriate, the court in *Rio Properties* noted that the attorney had been specifically consulted regarding the lawsuit and that the attorney was in contact with the client. *See* 284 F. 3d at 1017; *see also FMAC Loan Receivables v. Dagra*, 228 F. R. D. 531, 534-35 (E.D. Va. 2005) (holding that service on defendant's counsel

was reasonably calculated to apprise defendant of the pendency of the action and afford him an opportunity to respond (citing *Mullane*, 339 U.S. at 314)).

Many other courts have similarly found that service on a defendant's attorney as an alternative form of service is appropriate. *See e.g. L.G. Electronics, Inc. v. ASKO Appliances, Inc.*, 2009 WL 1811098 (D.Del. 2009) (service upon the attorney under Rule 4(f)(3) was warranted in order to prevent further delays in litigation and because of the regularity of contact between the defendant and his attorney); *Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307 (S.D.N.Y. 2010) (Judge Scheindlin approved alternative service via email and to the attorney for the defendant given that the attorney and defendant had been in recent contact with each other and because the defendant was aware of the suit); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2010 WL 1337743 (N.D. Cal. 2010) (approving alternative service upon U.S. counsel pursuant to Rule 4(f)(3) as comporting with due process requirements); *Marlabs Inc. v. Jakher*, 2010 WL 1644041 (D. N.J. 2010) (approving service through counsel because it was apparent that the defendant was in contact with his attorney).

In this case, Defendants know about this lawsuit, know the legal positions and their attorney has been in contact with them about this proceeding. This case presents an ideal scenario for invoking Rule 4(f)(3)'s alternate means of service – utilizing service upon Defendants' attorney. *See The Knit With v. Knitting Fever, Inc.*, 2010 WL 4977944 (E.D. Pa. 2010) (the court granted the plaintiff's petition seeking an order authorizing service of process on defendant's attorney as it found that it comported with constitutional notions of due process).

## CONCLUSION

Accordingly, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss (ECF No. 37). If the Court determines that service on Defendant VECH was insufficient,

11

Plaintiff requests this Court to order Defendant's counsel to accept service of process on behalf of Defendant pursuant to Rule 4(f)(3).

Dated: January 8, 2024

Respectfully submitted,

/s/James E. Judge

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Flener IP Law, LLC
77 W. Washington St., Suite 800
Chicago IL 60602
(312) 724-8874
jjudge@fleneriplaw.com