IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIZZA PACK, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", <br><br> Defendants. | No. 23-cv-14403 <br><br> Judge Mary M. Rowland <br> Magistrate Judge Maria Valdez |

**PLAINTIFF'S MOTION TO STRIKE AMENDED ANSWER TO COMPLAINT [64] AND MOTION TO REMOVE TRO & LIFE BANK ACCOUNT HOLDINGS [63] BY DEFENDANT ESCOFACTORY (DOE NO. 860)**

Plaintiff Pizza Pack, LLC, ("Plaintiff") respectfully requests that Defendant escofactory's (Doe No. 832) ("escofactory") Amended Answer to Complaint [64] ("Answer") and Motion to Remove TRO & Lift Bank Account Holdings [63] ("Motion") be stricken from the record. In support of the motion, Plaintiff states as follows:

1. On January 8, 2024, escofactory filed its Answer and Motion, signed by Brandon Moore ("Mr. Moore"). Neither the Answer nor the Motion indicate which defendant store Mr. Moore made these filings on behalf of; however, the Plaintiff has been able to match Mr. Moore to escofactory (Doe No. 832) because Mr. Moore has contacted counsel for the Plaintiff regarding this Defendant in this case prior to his filings.

2. On information and belief, escofactory is a corporation, as it identified itself as "Esco Inc" on its website. *See,* **Exhibit 1**. Escofactory filed its Answer and Motion pro se, which is prohibited for corporations. *See TJ Creative, Inc. v. Luxurious Bliss*, 2020 WL 9256371, at *2 (N.D. Ill. May 14, 2020) ("Regardless of whether [Defendant] is a corporation, limited liability

1

company, or partnership, it cannot litigate pro se in federal court") (citing *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008)).

3. With respect to escofactory's Answer, the allegations made therein are not only false, but also a violation of Rule 408 of the Federal Rules of Evidence. Evidence of offering "valuable consideration in compromising or attempting to compromise" claims and "conduct or statement[s] made during compromise negotiations about the claim[s]" are inadmissible in Court and, accordingly, should not be disclosed or discussed in the filings made by either party. Fed. R. Evid. 408(a).

4. Also, "[i]n responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). If a party intends to "in good faith deny all the allegations of a pleading[, it] may do so by a general denial." Fed. R. Civ. P. 8(b)(3). The Answer does not state whether it constitutes a general or partial denial of all allegations of Plaintiff's Amended Complaint [6, 8]. Without clarity on which allegations in its Amended Complaint have been admitted or denied, Plaintiff is unable to ascertain how to move forward with respect to this Answer.

5. With respect to escofactory's Motion, the filing is moot because the Temporary Restraining Order (TRO) [19] has expired and no longer applies to escofactory. However, escofactory is subject to the Preliminary Injunction Order ("PIO") [32]. Plaintiff recognizes that TROs and PIOs are similar in nature and can be confused or conflated. Even if it was escofactory's intention to request the dissolution of the PIO, however, it has failed to "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Escofactory has neither settled with the Plaintiff nor meaningfully challenged the appropriateness of the PIO as it pertains to escofactory beyond making unsupported factual allegations.

3

WHEREFORE, Plaintiff requests that this Court enter an order striking escofactory's Answer [64] and Motion [63].

Dated: January 11, 2024

PIZZA PACK, LLC

By:   /s/ James E. Judge
     Counsel for Plaintiff

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, Illinois 60602
(312) 724-8874
jjudge@fleneriplaw.com