IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIZZA PACK, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>　　　　　　Defendants. | Case No. 23-cv-14403<br><br>Judge Mary M. Rowland<br>Magistrate Judge Maria Valdez |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Pizza Pack, LLC, ("Plaintiff") against the defendant identified on Schedule A, and using the Defendant Domain Names and Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the Defendant VECH E-BUSINESS Co., LTD. ("VECH" or "Defendant") which have not yet been dismissed from this case;

This Court having entered a preliminary injunction, Plaintiff having properly completed service of process on VECH, the combination of providing notice via electronic publication and e-mail, along with any notice that VECH received from domain name registrars and payment processors, the notice being reasonably calculated under all circumstances to apprise VECH of the pendency of the action and affording them the opportunity to answer and present their objections;

VECH has answered or appeared in any way, and the time for answering has expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted; and

1

This Court finds that it has personal jurisdiction over Defaulting VECH because VECH directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that vech has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's registered design patent, registered copyright, and common law trademark ("Plaintiff's Intellectual Property") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that VECH e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of Plaintiff's Intellectual Property. *See* Docket Nos. 10-6 to 10-48, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of Plaintiff's Intellectual Property.

Plaintiff's Intellectual Property is set forth below.

| REGISTRATION NUMBER | DESCRIPTION | INTELLECTUAL PROPERTY TYPE |
|---|---|---|
| US D974,123 | The ornamental design for an expandable pizza container. | Design Patent |
| TX 9-131-054 | Text, photographs, artwork, and product images. | Copyright |
| VA 2-312-219 | Photographs. | |
| VA 2-324-998 | | |
| VA 2-325-000 | | |
| VA 2-341-526 | | |

| | | |
|---|---|---|
| VA 2-344-494 | | |
| VA 2-344-541 | | |
| VA 2-344-551 | | |
| VA 2-344-552 | | |

This Court further finds that VECH is liable for willful design patent infringement (35 U.S.C. §271), copyright infringement (17 U.S.C. § 501(a)), common law trademark infringement counterfeiting, false designation of origin (15 U.S.C. § 1125(a)), violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*), and civil conspiracy.

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that VECH is deemed in default, and that this Default Judgment is entered against VECH.

This Court further orders that:

1. VECH, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Plaintiff's Intellectual Property or any reproductions, infringing copies, or colorable imitations in any manner in connection with the manufacturing, distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Intellectual Property;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's

      or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Intellectual Property;

  c. committing any acts calculated to cause consumers to believe that VECH's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

  d. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and/or which may bear any of Plaintiff's trademarks or any reproductions, counterfeit copies or colorable imitations thereof.

2. VECH and any Third-Party with actual notice of this Order who is providing services for any of the VECH, or in connection with any of the VECH's Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com, Inc. ("Amazon") (collectively, the "Third-Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which VECH could continue to sell counterfeit and infringing goods using the Plaintiff's Intellectual Property; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the

4

    Plaintiff's Intellectual Property, or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Intellectual Property.

3. Upon Plaintiff's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 3 shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with VECH in connection with the sale of counterfeit and infringing goods using Plaintiff's Intellectual Property.

4. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is awarded statutory damages from VECH in the amount of $30,000.00 for willful use of counterfeit versions Plaintiff's Copyrights on products sold through at least the Defendant Internet Stores. The statutory damages do not apply to the design patent claim. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

5. Any Third-Party Providers holding funds for VECH, as defined in Paragraph 4, as well as payment processors including Stripe, Inc., Payoneer Global Inc. and Alipay; LianLian Global, LL Pay U.S., LLC, Lianlian Yintong Electronic Payment Co. Ltd. ("LianLian"), PayPal Holdings, Inc. ("PayPal"), Payoneer Global Inc. ("Payoneer"), and Stripe Inc. ("Stripe") (collectively, "Payment Processors"), shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to VECH or the Defendant Internet Stores from transferring or disposing of

      any funds (up to the statutory damages awarded in Paragraph 5 above) or other of VECH's assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 5 above) currently restrained in VECH's financial accounts, including monies held by Third-Party Providers and Payment Processors as defined in Paragraph 3 and 4, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third-Party Providers and Payment Processors are ordered to release to Plaintiff the amounts from VECH's financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by VECH, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by VECH, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to VECH by e-mail at the e-mail addresses provided for VECH by third parties.

9. To obtain release of the bond previously posted in this action, Plaintiff's counsel must file a motion for the return of the bond once the preliminary injunction no longer applies to any Defendant.

Dated: May 13, 2024

                                                    MARY M. ROWLAND
                                                    United States District Judge